IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA AGGREGATE, INC., a )<br>domestic corporation, and )<br>DONALD R. RAUGHTON, SR., )<br>    )<br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>POWERSCREEN CRUSHING AND )<br>SCREENING, LLC., a foreign )<br>corporation, et al., )<br>    )<br>    Defendants. ) | CIVIL ACTION NO.<br>2:21cv357-MHT<br>(WO) |

OPINION AND ORDER

Plaintiffs Alabama Aggregate, Inc., and Donald R. Raughton, Sr. commenced this lawsuit in an Alabama state court against defendants Powerscreen Crushing and Screening, LLC; Terex Corp.; Terex USA, LLC; Caterpillar Inc. (otherwise known as CAT); and Dustin White. Alabama Aggregate and Raughton bring various state-law claims arising out of their purchase from Powerscreen of certain equipment manufactured by Terex USA, Terex Corp., and CAT. Terex USA removed the lawsuit to this court under 28 U.S.C. §§ 1332, 1441, and 1446 (diversity), contending

that White, the only non-diverse defendant, was fraudulently joined and thus that federal diversity-of-citizenship jurisdiction existed.

This cause is now before the court on Alabama Aggregate and Raughton's motion to remand, in which they contend that White was not fraudulently joined. For reasons that follow, the court agrees with Terex USA and concludes that White was fraudulently joined. The court will dismiss White as a defendant and deny Alabama Aggregate and Raughton's motion to remand.

However, the court is still concerned as to whether it has removal jurisdiction: As explained later, Terex USA has failed to allege properly in its notice of removal the "citizenship" of certain parties. The court will, nevertheless, provide Terex USA an opportunity to cure that jurisdictional deficiency; if it fails to do so, this case will be remanded, albeit for a reason unrelated to White's joinder.

## I. Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). A federal court may hear a case only if it is authorized to do so by the United States Constitution or by Congress. *See id.* at 377. A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different States. *See* 28 U.S.C. § 1332(a). When an action is filed in state court, but the amount in controversy is sufficient and there is complete diversity, federal law gives the defendant the right to remove the action to federal court. *See* 28 U.S.C. § 1446.

Because removal raises significant federalism concerns, the removal statute, 28 U.S.C. § 1441, must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). All doubts about federal-court jurisdiction must be resolved in favor of a remand to state court. *See Burns v. Windsor Ins. Co.*,

31 F.3d 1092, 1095 (11th Cir. 1994).  When a case is removed from state court, the burden is on the party that removed the action to prove federal-court jurisdiction.  *See id.*

## II. Background

In its notice of removal, Terex USA alleges the following:  Alabama Aggregate is an Alabama corporation.  Raughton is a "resident" of Alabama.  Powerscreen is a limited liability company with one member, who is a Kentucky "resident," and with a principal place of business in Kentucky.  Terex Corp. is a Delaware corporation with a principal place of business in Connecticut.  Terex USA is a Delaware limited liability company with one member--Terex Corp.--and a principal place of business in Connecticut.  White, a sales associate employed by Powerscreen, is a "resident" of Alabama.

In their complaint, Alabama Aggregate and Raughton allege the following:  Alabama Aggregate purchased from

Powerscreen four pieces of equipment manufactured by CAT, Terex Corp, and Terex USA. Raughton served as a guarantor of the contracts of sale for Alabama Aggregate. The equipment is defective.

Alabama Aggregate and Raughton's complaint states seven causes of action under state law arising from the sale and manufacture of the equipment.

### III. Fraudulent Joinder

In order for diversity jurisdiction to be proper, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same State as any defendant. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Terex USA concedes that Alabama Aggregate, Raughton, and White are not diverse. It contends, however, that White was fraudulently joined. If a defendant was fraudulently joined, his citizenship is not considered for the purpose of determining diversity jurisdiction.

A removing party who alleges fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citations omitted). That burden "is a heavy one"; if the plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* A district court must base its determination of whether the plaintiff has stated a colorable claim upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See id.* It must "evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id*. However, where the defendant has submitted affidavits contesting facts alleged by the plaintiff, the court cannot resolve

6

those facts in the plaintiff's favor based solely on unsupported allegations in the complaint.  *See Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).  "Rather, the plaintiff generally must come forward with some evidence to dispute the sworn statements in the affidavit."  *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866, 871 (11th Cir. 2015) (citing *Legg*, 428 F.3d at 1323–25).

Terex USA argues that White was fraudulently joined because Alabama Aggregate and Raughton have not provided a factual basis for, and therefore cannot possibly establish, a cause of action against White.  Alabama Aggregate and Raughton argue that Terex USA has failed to carry its burden of proof.[1]

---

1. Alabama Aggregate and Raughton also argue that Terex USA's notice of removal is deficient because the other defendants did not consent to the removal, as required by 28 U.S.C. § 1446(b)(2)(A).  *See* Motion to Remand at ¶¶ 6–7, 17 (Doc. 16).  They are mistaken.  Powerscreen, Terex Corp., and CAT timely filed notices of consent.  *See* Def.'s Ex. C, Notices of Consent to Removal at ¶¶ 4–5 (Doc. 1-14).  Although White did not, he was not required to, because he had not been served at the time the removal petition was filed.  *See*

The court agrees with Terex USA. Alabama Aggregate and Raughton state the following claims against each of the defendants:

- Breach of contract;

- Fraudulent misrepresentation, and/or suppression of material facts, and/or deceit in violation of Alabama Code §§ 6-5-101, 6-5-102, 6-5-103, 6-5-104;

- Private nuisance;

- Unjust enrichment;

- Violation of the Alabama Heavy Equipment Dealer Act, Ala. Code § 8-21B-1 *et seq.*;

- Breach of warranty of merchantability; and

- Breach of implied warranty of fitness for a particular purpose.

To prevail on their breach-of-contract claim against White, Alabama Aggregate and Raughton must prove, among other things, that they entered into a contract with

---

*Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1262 n.8 (M.D. Ala. 2002) (Albritton, C.J.).

White.  "An agent does not become a party to a contract made on behalf of a disclosed principal unless the agent and the third party so agree."  Restatement (Third) of Agency § 6.01.  "A principal is disclosed when the third party has notice than an agent is acting for a principal and has notice of the principal's identity."  *Id.*  It is undisputed that White acted as Powerscreen's agent during the entirety of the events giving rise to this lawsuit, and that Alabama Aggregate and Raughton knew he was acting as such.  And Alabama Aggregate and Raughton have not alleged that White agreed to become a party to any contract made on Powerscreen's behalf.  They have therefore failed to allege facts sufficient to support their breach-of-contract claim against White.

To prevail on a claim of fraudulent misrepresentation, suppression of material facts, or deceit against White, Alabama Aggregate and Raughton must prove, among other things, that White made a misrepresentation of a material fact, *see* Ala. Code §§ 6-5-101, 6-5-103, 6-5-104, or that he suppressed a

9

material fact that he was obligated to communicate, *see* Ala. Code § 6-5-102. To that end, Alabama Aggregate and Raughton allege only that White fraudulently misrepresented that the equipment would be "in an operable and 'new' condition," and that it would be equipped with a CAT engine.[2] Second Amended Complaint at ¶¶ 32, 35, 42 (Doc. 1-7). White, however, asserts in an affidavit that he did not advertise the machines, negotiate the terms or conditions of their sale, or "make any statements or representations about these machines to Alabama Aggregate or Mr. Raughton," and that his only involvement in the sale of the machines consisted of sitting in on two meetings between Raughton and

---

2. Alabama Aggregate and Raughton claim that White "fraudulently and deceitfully ... suppressed and/or concealed facts from the Plaintiff." Second Amended Complaint at ¶ 31 (Doc. 1-7). But they have alleged no facts to support that claim. And even had they alleged that White concealed that the equipment was not in operable condition and equipped with a CAT engine, they could not prevail against White, because they have not alleged any special circumstance that might give rise to a duty to disclose. *See Montgomery Rubber*, 308 F. Supp. 2d at 1299.

Powerscreen's president, and sending certain financing agreements, which he did not prepare, to Terex.³ Def.'s Ex. D, White Decl. at ¶¶ 4-5 (Doc. 1-15). Alabama Aggregate and Raughton have offered no evidence contradicting White's assertions.⁴ Absent such evidence, the court cannot resolve this factual dispute in their favor. See Legg, 428 F.3d at 1323. Alabama Aggregate and Raughton have therefore failed to provide evidence sufficient to support their fraud and misrepresentation claim against White.

---

3. White also asserts that, after Alabama Aggregate bought the machines, he received telephone calls from the company concerning problems with the machines, and that he "directed them to the appropriate people who handle service requests or warranty claims." Def.'s Ex. D, White Decl. at ¶¶ 4-5 (Doc. 1-15).

4. Although Alabama Aggregate and Raughton contend that "the only proper way for this matter to be investigated so to [sic.] protect the rights of the Plaintiffs would be through the process of discovery in the state court," Motion to Remand at ¶ 13 (Doc. 16), they have not requested discovery from this court. The court therefore declines to consider whether discovery is warranted.

To prevail on their private-nuisance claim against White, Alabama Aggregate and Raughton must prove, among other things, that White owed them a legal duty of care under a theory of nuisance, and that he breached that duty, thereby proximately causing them an injury. *See Tipler v. McKenzie Tank Lines*, 547 So. 2d 438, 440–41 (Ala. 1989).  They must also prove that White's breach was continuous or recurring.  *See Banks v. Harbin*, 500 So. 2d 1027, 1029 (Ala. 1986).  Alabama Aggregate and Raughton have alleged no facts to suggest that White owed them any duty of care with regard to the sale of the equipment.  And Alabama Aggregate and Raughton have not alleged that White, or any other defendant, committed a breach of duty that was continuous or recurring.[5]  They

---

5. Alabama Aggregate and Raughton allege that White committed acts that caused them injurious consequences of lasting duration.  *See* Motion to Remand at ¶ 48 (Doc. 16) ("[T]he Defendants' actions created and continue to create inconvenience and monetary harm to the Plaintiffs.").  But that does not a nuisance make.  *See McCalla v. Louisville & N.R. Co.*, 50 So. 971, 972 (Ala. 1909) ("There is a wide difference between tort, constituting an invasion of personal or contract right, and nuisance.  The former expends its force in one act,

have therefore failed to allege facts sufficient to support their private-nuisance claim against White.

To prevail on their unjust-enrichment claim against White, Alabama Aggregate and Raughton must prove either that White holds money that, in equity and good conscience, belongs to them, or that White holds money that was improperly paid because of mistake or fraud. *See Avis Rent A Car Systems, Inc. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003).  "Where a plaintiff cannot maintain a fraudulent misrepresentation claim against a defendant, that plaintiff will not be permitted a viable claim of unjust enrichment which is based on an untenable fraudulent misrepresentation claim." *Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1219 (N.D. Ala.) (Hopkins, J.).  As explained above, Alabama Aggregate and Raughton cannot maintain a fraudulent-misrepresentation claim against White.  It is only on their untenable

---

although injurious consequences may be of lasting duration.  A nuisance involves the idea of continuity or recurrence.").

13

fraudulent-misrepresentation claim, however, that they base their claim of unjust enrichment against White. Alabama Aggregate and Raughton have therefore failed to allege facts sufficient to support their unjust-enrichment claim against White.[6]

To prevail on their claim that White violated the Alabama Heavy Equipment Dealer Act, Ala. Code § 8-21B-1 *et seq.*, Alabama Aggregate and Raughton must prove, among other things, that at the time of the events giving rise to their lawsuit, White was an agent of a

---

6. Alabama Aggregate and Raughton's unjust-enrichment claim also fails because they have provided no evidence that White holds money that rightfully belongs to them, or that they paid as a result of mistake or fraud. White asserts in an affidavit that he "never owned or had title to the machines," and that he "did not sell these machines to Alabama Aggregate." Def.'s Ex. D, White Decl. at ¶ 4 (Doc. 1-15). Alabama Aggregate and Raughton have offered nothing to contradict those assertions. The court therefore cannot resolve this factual dispute in their favor. *See Legg*, 428 F.3d at 1323. Moreover, even if White received a bonus or commission from the sale (which Alabama Aggregate and Raughton do not allege), he would have received that money from Powerscreen, not Alabama Aggregate and Raughton.

14

"corporation ... engaged in the manufacture, assembly, or wholesale distribution of heavy equipment,"[7] and that White's principal entered into an agreement concerning the purchase or sale of heavy equipment with a "person, corporation, partnership, or other business entity primarily engaged in the business of retail sales or leasing of heavy equipment and heavy equipment parts." Ala. Code § 8-21B-3(8). It is undisputed that White was an agent of Powerscreen at the time of the events giving rise to this lawsuit. Alabama Aggregate and Raughton have not alleged, however, that Powerscreen is a corporation engaged in the wholesale distribution of heavy equipment, or that Powerscreen entered into an agreement with any person, corporation, partnership, or other business entity primarily engaged in the business of retail sales or leasing of heavy equipment and heavy

---

7. It appears that the Alabama Heavy Equipment Dealer Act could be read to impose liability not only upon heavy equipment suppliers and dealers, but upon their agents as well. See Ala. Code §§ 8-21B-2, 8-21B-3. Without reaching the issue, the court assumes that White could be held liable under the Act.

15

equipment parts. Alabama Aggregate and Raughton have therefore failed to allege facts sufficient to support their claim that White violated the Alabama Heavy Equipment Dealer Act.

To prevail on their breach-of-warranty claims against White, Alabama Aggregate and Raughton must prove, among other things, that White was the seller of the equipment, and not merely the seller's agent. *See* Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315(1) (express and implied warranty claims refer only to warranties created by the seller of a product); *Sealy*, 257 So. 2d at 350; *see also Montgomery Rubber & Gasket Co., Inc. v. Belmont Machinery Co., Inc.*, 308 F. Supp. 2d 1293, 1302–1303 (M.D. Ala. 2004) (Thompson, J.) ("While the proper remedy for a breach of implied warranty resulting in purely economic loss is against the seller ... only a principal, and not a principal's agent, is liable for an agent's actions that are within the agent's authority."). It is undisputed that Powerscreen was the seller of the equipment, and that White was merely Powerscreen's agent.

16

Alabama Aggregate and Raughton have therefore failed to allege facts sufficient to support their breach-of-warranty claims against White.

Because Alabama Aggregate and Raughton have not provided a factual basis for, and therefore cannot possibly establish, a cause of action against White, White was fraudulently joined and must be dismissed.

## IV. Allegations of Citizenship

While the court concludes that White has been fraudulently joined, it finds that Terex USA's notice of removal is still jurisdictionally deficient in that it does not properly allege the citizenship of certain remaining parties.

To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.

1975) (per curiam).⁸  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  *See* 28 U.S.C. § 1332.

The notice of removal fails to meet this standard in several respects.  First, an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction ... [a]nd domicile requires both residence in a state and 'an intention to remain there indefinitely....'"  *Id*. (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).  The notice gives the "residence" rather than the "citizenship" of plaintiff Raughton, and is therefore insufficient to establish his citizenship.

---

8.  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Second, Terex USA's removal notice is insufficient because it does not properly indicate the citizenship of corporate plaintiff Alabama Aggregate. For a corporation, the notice must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The notice is insufficient because it does not allege Alabama Aggregate's principal place of business.

Finally, the removal notice is insufficient because it does not properly indicate the citizenship of a party that is a limited liability company: Powerscreen. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability

19

company." *Id.* The notice alleges that the sole member of the company is an individual, Alan Coalter, butprovides only his residence, not his citizenship. Therefore, the allegation is inadequate. *See Travaglio v. Am. Exp. Co.*, 735 F.3d at 1269.

                                    ***

Accordingly, it is ORDERED as follows:

(1) The motion to remand (Doc. 16) is denied.

(2) Defendant Dustin White is dismissed and terminated as a party to this action.

(3) The removing party has until September 14, 2021, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 7th day of September, 2021.

                                 /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**