IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALABAMA AGGREGATE, INC., a   )
domestic corporation,        )
                             )
     Plaintiff,              )
                             )       CIVIL ACTION NO.
     v.                      )         2:21cv357-MHT
                             )             (WO)
POWERSCREEN CRUSHING AND     )
SCREENING, LLC., a foreign   )
corporation, et al.,         )
                             )
     Defendants.             )
```

OPINON AND ORDER

Now pending before the court is plaintiff Alabama Aggregate, Inc.'s motion for leave to amend its second amended complaint. The motion is fully briefed and ripe for review. For the reasons explained below, the motion will be denied in part and granted in part.

I. BACKGROUND

Alabama Aggregate brought this lawsuit in 2021 and is seeking relief for losses associated with defective equipment. As things currently stand, it asserts four

claims against each of the four defendants: Powerscreen Crushing and Screening, LLC; Terex Corporation; Terex USA, LLC; and Caterpillar Inc.  The claims are breach of contract, fraud, unjust enrichment, and breach of implied warranty of merchantability.  However, Alabama Aggregate and Caterpillar disagree about whether Alabama Aggregate properly pleaded a claim for breach of express warranty as part of its claim labeled "breach of contract."

Caterpillar noted in its motion for summary judgment that Alabama Aggregate "has not asserted an express warranty claim."  Caterpillar's Mot. Summ. J. (Doc. 56) at 17, n.1.  In opposing that motion, Alabama Aggregate stated that it adequately pleaded an express-warranty claim in the complaint but nonetheless included, at the end of its brief, a general request for leave to amend the complaint "[i]f the Court is inclined."  Pl.'s Opp'n (Doc. 63) at 20, n.12.  The court ordered Alabama Aggregate to file the instant motion so that the court could consider, with the

benefit of full briefing, whether to grant leave to amend.

Alabama Aggregate filed the instant motion and attached its proposed third amended complaint. The amendments in this proposed complaint go beyond what the court had contemplated in its order, which was simply to clarify whether the claim labeled "breach of contract" includes a claim for breach of express warranty. Alabama Aggregate asserts that the amendments it proposes were made only to "confirm the scope of Plaintiff's breach of contract cause of action, as well as [to accomplish] minor housekeeping items such as (1) removing parties who have been dismissed (and changing the allegations from plural to singular tense), (2) removing fictitious defendants, (3) removing claims that have been dismissed, and (4) updating certain allegations, including venue and jurisdictional allegations, to comply with federal standards." Pl.'s Mot. Amend (Doc. 169) at 1. However, the defendants oppose the motion, at least in

3

part, on the grounds that Alabama Aggregate's proposed third amended complaint introduces new and unnecessary allegations that go beyond what is necessary to clarify its express-warranty claim and fails to satisfy Federal Rules of Civil Procedure 15 and 16.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Furthermore, "[t]he court should freely give leave when justice so requires." *Id*. Therefore, a court's discretion to deny a motion to amend under Rule 15 is constrained unless there is a substantial reason for denial such as, "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

4

Case 2:21-cv-00357-MHT-SMD   Document 179   Filed 07/03/24   Page 5 of 15

However, in this case, Alabama Aggregate seeks leave to amend after the uniform scheduling order's December 24, 2021, deadline for amendments has passed. Granting leave to amend now would therefore require modifying the scheduling order. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Accordingly, before the court will consider whether amendment is proper under Rule 15, Alabama Aggregate must first demonstrate good cause to modify the scheduling order under Rule 16. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam). The good-cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

## III. DISCUSSION

The court first addresses the amendments proposed in what is labeled "Count I" of the proposed third amended complaint, which concerns the claim for breach of express warranty.  Some of these amendments satisfy Rules 15 and 16, and some do not.

As a general matter, Alabama Aggregate has demonstrated good cause under Rule 16 for the proposed amendments that serve to clarify that it is pleading a claim for breach of express warranty.  The reason that Alabama Aggregate seeks to make such amendments after the deadline has passed is not due to a lack of diligence; rather, Alabama Aggregate has maintained that breach of express warranty is adequately pleaded in the operative complaint and has filed the instant motion only after direction of the court.

The defendants do not object to Alabama Aggregate amending the complaint to clarify that Alabama Aggregate is asserting a claim for breach of express warranty.  Instead, the defendants take issue only with

6

some specific amendments which they assert include new information that is unnecessary to plead breach of express warranty adequately. In particular, they highlight paragraphs 28-31 and paragraph 34 of the proposed complaint. Paragraphs 28-31 elaborate on the defendants' alleged failure to repair certain equipment under warranty. Because these paragraphs serve to clarify the claim for breach of express warranty, Alabama Aggregate has good cause to include these paragraphs under Rule 16. The defendants then offer no argument that the inclusion of these paragraphs creates unfair prejudice or presents any other substantial reason for denial under Rule 15. Without a substantial reason to reject these amendments, the court will allow them.

Accordingly, the court will grant Alabama Aggregate's motion to amend with respect to the amendments made at paragraphs 28-31, as well as those made at paragraphs 12, 14, and 15, that assert the same

information as paragraphs 28-31 in the proposed third amended complaint's "FACTS" section.

The defendants have two issues with the amendments included in paragraph 34.  First, the paragraph adds that the equipment at issue in this case "has diminished in value," Third Amended Complaint (Doc. 169-2) at 8, which the defendants argue is a new category of damages not previously alleged.  Second, paragraph 34 now demands judgment against the defendants "*jointly* and severally," where it previously said "*separately* and severally."  *Id.* at 9 (emphasis added in both quotes).  The defendants argue that Alabama Aggregate has not demonstrated good cause under Rule 16 to make these amendments and that their inclusion would result in unfair prejudice under Rule 15 because the defendants conducted discovery with the understanding that these allegations were absent from the complaint.

While it is not clear that these amendments would unfairly prejudice the defendants or that the

8

amendments reflect a material change from the operative complaint, the defendants are correct that Alabama Aggregate has not acted diligently to include these new allegations as to establish good cause to amend under Rule 16. Indeed, Alabama Aggregate has not offered any explanation whatsoever for why it could not have included these amendments before the deadline for amending the pleadings passed in 2021 or even in the over two years since. Instead, Alabama Aggregate argues only that the good-cause requirement has been met "for the same reasons that there is no undue delay or prejudice under Rule 15." Pl.'s Reply (Doc. 177) at 3. However, Rule 16's good-cause requirement is distinct from the requirements under Rule 15. Even if Alabama Aggregate's amendments would not cause undue delay or unfair prejudice, Rule 16 prevents amendments where the party moving for them failed to work diligently to meet the scheduling order's deadlines. To read Rule 16 as Alabama Aggregate suggests "would render scheduling orders meaningless and effectively

would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

Because Alabama Aggregate has not shown good cause for its amendments in paragraph 34 concerning the diminished value of the equipment or joint liability, the court will deny the motion to amend as to these amendments.[1]

Besides these amendments made at paragraph 34, Alabama Aggregate proposes other amendments that are similarly unsupported by good cause, and which the court will not accept. Alabama Aggregate inserted new allegations within its claim for unjust enrichment at paragraphs 48 and 50 and within the claim for breach of implied warranty of merchantability at paragraphs 62-65. Again, Alabama Aggregate did not argue that it was diligent in its efforts to include this information

---

1. For the same reasons, the court will also deny Alabama Aggregate's motion as to the similar amendments at paragraphs 43 and 66 specifying allegations of diminished value of the equipment and paragraphs 43, 52, and 66, asserting joint liability.

before the deadline to amend the pleadings had passed, nor does it offer any explanation for the delay. Thus, it has not demonstrated good cause for these amendments under Rule 16, and the court will deny the motion to amend as to these paragraphs.

Finally, Alabama Aggregate proposes many minor and immaterial amendments to its complaint that the court will accept. These are amendments which remove discussions of parties that have been terminated from this lawsuit; remove or narrow discussions of claims that have been disposed of pursuant to orders of this court; update the jurisdiction and venue section to reflect that the case has been removed to this court from state court; and include a summarized prayer for relief for the entire complaint.[2] There is good cause

---

2. The defendants highlight that Alabama Aggregate failed to make some amendments that would fall into these categories. For instance, Alabama Aggregate retained paragraph 20, which the defendants assert refers to a claim that Alabama Aggregate is not advancing in this litigation. To the extent that this is true, the court will allow Alabama Aggregate to remove this paragraph when it files its revised third amended complaint.

for these amendments under Rule 16 as they do not reflect a lack of diligence on behalf of the plaintiff. Rather than inserting wholly new facts or allegations

---

There is a similar issue with paragraph 59 of the proposed third amended complaint, which retains an allegation from the operative complaint that the defendants violated Code of Alabama § "7-2A-315." All parties agree that this statutory citation must contain a typo but disagree as to which citation was intended. The defendants assert that Alabama Aggregate meant to cite to § 7-2-315, which refers to a claim for breach of the implied warranty of fitness for a particular purpose. The defendants argue that Alabama Aggregate has conceded this claim and that the court has already granted summary judgment to the defendants regarding it. Alabama Aggregate responds that it instead meant to cite § "7-2A-314, the code section related to the implied warranty of merchantability for leases." Pl.'s Reply (Doc. 177) at 7. However, § "7-2A-314" does not exist. Article 2A of the UCC spans from § 2A-301 to § 2A-311. There is no § 2A-314 or § 2A-315. To the extent that Alabama Aggregate's citation to § "7-2A-315" does not reflect an allegation that it is currently pursuing in this litigation, the court will allow Alabama Aggregate to remove the citation and associated discussion.

Finally, the proposed third amended complaint removed some "counts" from the operative complaint to reflect the claims that have been disposed of so far. However, the remaining "counts" have not been renumbered to reflect that there are now only four remaining rather than six. The court will allow Alabama Aggregate to amend the complaint to renumber the counts from one to four.

12

**that could have been discovered or asserted prior to the expiration of the deadline for amending the pleadings, these amendments seek only to update the complaint to reflect the status of the litigation as it currently stands after significant changes have accrued throughout the course of litigation. This streamlining of the complaint makes the document easier to understand and sharpens the issues presented in this case, benefitting both the court and the defendants. Indeed, the defendants do not argue that these amendments prejudice them or present any other concern under Rule 15. Accordingly, the court will grant Alabama Aggregate's motion as to these proposed amendments.**

\* \* \*

For the reasons stated above, it is ORDERED as follows that plaintiff Alabama Aggregate, Inc.'s motion for leave to amend (Doc. 169) is denied in part and granted in part as follows:

(1) The motion is denied as to the amendments replacing "separately" with "jointly" at paragraphs 34, 43, 52, and 66 of the proposed third amended complaint (Doc. 169-2).

(2) The motion is denied as to the amendments alleging that the equipment has diminished in value at paragraphs 34, 43, 52, and 66 of the proposed third amended complaint (Doc. 169-2).

(3) The motion is denied as to the amendments at paragraphs 48 and 50 of the proposed third amended complaint (Doc. 169-2).

(4) The motion is denied as to the additions of paragraphs 62 through 65 within the proposed third amended complaint (Doc. 169-2).

(5) The motion is granted as to all other amendments within the proposed third amended complaint, (Doc. 169-2), consistent with the court's foregoing opinion.

It is further ORDERED that, within seven days of the date of this order, plaintiff Alabama Aggregate,

Inc. shall file a revised third amended complaint consistent with this order.  Plaintiff's counsel is advised to pay the utmost attention to detail in following the instructions in this order for revising the complaint.

The parties are reminded that they should renew their motions for summary judgment within 10 days of the date of this order.  *See* Order (Doc. 170).

DONE, this the 3rd day of July, 2024.

                                    /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**